**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4299**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

SANTOS RIOS-SANTOS,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Louise W. Flanagan, District Judge.  (5:13-cr-00274-FL-1)

Submitted:  January 29, 2015          Decided:  February 12, 2015

Before WILKINSON, GREGORY, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Shailika S. Kotiya, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Santos Rios-Santos pled guilty to illegal reentry into the United States after having been convicted of an aggravated felony, 8 U.S.C. § 1326(b) (2012). At Rios-Santos' sentencing hearing, his attorney requested a sentence below the advisory Guidelines range of 24-30 months' imprisonment. The district court rejected Rios-Santos' request and sentenced him to a 28-month term. He appeals, arguing that the district court failed to adequately provide an individualized reason as to why it rejected his request for a below-Guidelines sentence. He also argues that the fact of his prior felony conviction should have been presented to a jury and proven beyond a reasonable doubt. We affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. After determining whether the district court properly calculated the defendant's advisory Guidelines range, this court must then consider whether the district court considered the 18 U.S.C. § 3553(a) (2012) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49–50; see Rita v. United States, 551 U.S. 338, 346–47 (2007); United States v.

2

Carter, 564 F.3d 325, 330 (4th Cir. 2009). Finally, we review the substantive reasonableness of the sentence, "taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (internal quotation marks and citation omitted). This court applies a presumption of correctness to a sentence within the properly-calculated Guidelines range. Rita, 551 U.S. at 346–47.

Here, the district court correctly calculated Rios-Santos' Guidelines range and, after hearing his arguments for a below-Guidelines sentence, imposed a within-Guidelines sentence of 28 months. We find that the district court's explanation was sufficient to show that the court conducted the sort of individualized sentencing analysis required under Gall and Carter.

Rios-Santos also argues that the fact of his prior conviction should have been presented to a jury and proven beyond a reasonable doubt. He concedes, however, that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 228-35, 239-47 (1998) (holding statute permitting increased sentence based on prior conviction is penalty provision, not element of offense).

Accordingly, we affirm Rios-Santos' sentence. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED